**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **SARA POLSTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2265-G** |
| | ) | |
| **JUSTIN FARRIS, in his official capacity as Director of the Oklahoma Department of Corrections,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

Now before the Court is Plaintiff Sara Polston's Motion for Preliminary Injunction (Doc. No. 5) seeking relief against Defendant Justin Farris, Director of the Oklahoma Department of Corrections ("ODOC"), in his official capacity. Defendant has filed a Response (Doc. No. 9), and Plaintiff has replied (Doc. No. 11). In addition, both parties have submitted Supplemental Briefs (Doc. Nos. 16, 17) at the direction of the Court. *See* Order of Oct. 14, 2026 (Doc. No. 15).

*I. Background*

*A. Allegations Upon Which Plaintiff Initially Sought a Preliminary Injunction*

In the verified Complaint (Doc. No. 1) filed August 26, 2026, Plaintiff alleges that in 2025 she was convicted of a felony charge in state court: causing an accident resulting in great bodily injury while driving under the influence of alcohol with blood alcohol concentration of 0.15 or more, in violation of title 47, section 11-904(B) of the Oklahoma Statutes. *See* Compl. ¶¶ 3, 31. On December 5, 2025, Plaintiff was sentenced to 15 years'

imprisonment, with all but the first eight years suspended. *See id.* ¶¶ 4, 31-32 (citing *State v. Polston*, No. CF-2023-973 (Cleveland Cnty. Dist. Ct.)); *see also* Doc. No. 7-2.

When Plaintiff was convicted and sentenced, she met the statutory requirements and ODOC criteria for participation in Oklahoma's Electronic Monitoring Program (the "EM Program"). Compl. ¶¶ 7-8, 33-38. The EM Program allows certain convicted persons to be supervised in a community setting rather than being confined in prison. *Id.* ¶ 6 (citing Okla. Stat. tit. 57, § 510.9 (the "EM Program Statute")); *see id.* ¶¶ 25-28. On February 19, 2026, ODOC assigned Plaintiff to the EM Program for placement in "community custody on a GPS ankle monitor." *Id.* ¶¶ 8, 39-40.

Following Plaintiff's assignment to the EM Program, the Oklahoma Legislature enacted Senate Bill 137 ("SB137"), which will take effect to amend the EM Program Statute on November 1, 2026. *See id.* ¶¶ 11-12, 58. As relevant here, SB137 prescribes that inmates convicted pursuant to title 47, section 11-904(B) of the Oklahoma Statutes—as Plaintiff was—"shall not be eligible for assignment to the [EM] [P]rogram." S.B. 137, 60th Leg., 2d Sess. (Okla. 2026). SB137 also adds the following provision to the statute: "Loss of eligibility for the program shall result in removal of the inmate from the [EM] [P]rogram." *Id.*; *see also* Compl. ¶ 12.

Plaintiff contends that Defendant, "with encouragement from state legislators and the Attorney General," seeks to enforce SB137, on or after November 1, 2026, against Plaintiff "such that she will be removed from the [EM] Program and reincarcerated." Compl. ¶¶ 13, 59-62, 76, 101, 116. Based upon this contention, Plaintiff brings three claims pursuant to 42 U.S.C. § 1983 and *Ex parte Young*, 209 U.S. 123 (1908). *See* Compl.

¶¶ 22-23. First, Plaintiff argues that "applying SB137 retroactively . . . violates the Constitution's Ex Post Facto Clause because it increases her punishment based on a law that was enacted after she committed the crime." *Id.* ¶¶ 14, 74-87; *see* U.S. Const. art. I, § 10, cl. 1. Plaintiff next asserts: "SB137 violates the Constitution's Bill of Attainder Clause because the law specifically targets [Plaintiff] and under it the State seeks to impose additional punishment . . . without requiring a trial before imposition of that additional punishment." Compl. ¶¶ 15, 88-103; *see* U.S. Const. art. I, § 10, cl. 1. Finally, Plaintiff argues that "Defendant's credible threat of reimprisoning [Plaintiff] violates the Constitution's Due Process Clause because her automatic removal from the [EM] Program . . . is without notice, an opportunity to be heard, and . . . procedural protections." Compl. ¶¶ 16, 104-122; *see* U.S. Const. amend. XIV, § 1.

Plaintiff's Motion for Preliminary Injunction, filed on August 28, 2026, seeks entry of a preliminary injunction to prohibit ODOC from removing her from the EM Program on or after November 1, 2026, when SB137 will take effect and modify the eligibility criteria for the Program. *See* Pl.'s Mot. at 8-32.

Defendant filed a Motion to Dismiss (Doc. No. 7) and a Response in Opposition to Plaintiff's Motion for Preliminary Injunction (Doc. No. 9). In the Response to the Motion to Preliminary Injunction, Defendant provides additional facts but does not contest the limited allegations set forth above. By Order dated September 10, 2026, the Court directed the parties to expressly advise the Court if either was seeking oral argument or an evidentiary hearing on the Motion for Preliminary Injunction. *See* Sept. 10, 2026 Order (Doc. No. 8). Neither party requested a hearing.

*B. Events Subsequent to Filing of Complaint*

On October 2, 2026, Defendant filed a Notice (Doc. No. 13) informing the Court that on the day prior ODOC had reassigned Plaintiff from the EM Program to imprisonment in the Mabel Bassett Correctional Center ("MBCC") pursuant to ODOC's EM Program rules and the EM Program Statute. *See id.* at 1-2. Defendant's Notice asserted that, as a result of the reassignment, the "status quo" for purposes of Plaintiff's Motion for Preliminary Injunction "has now changed for reasons independent of" SB137. *Id.* at 2-3.

Plaintiff responded that, to the contrary, "[t]he relevant status quo is unaltered." Pl.'s Resp. (Doc. No. 14) at 1. Plaintiff stated that she has not been reassigned from the EM Program, despite being reincarcerated, that she would remain a participant "until she is removed," and that such removal must be premised on "notice and an opportunity to be heard." *Id.*

The Court ordered Defendant to file a supplemental brief "notifying the Court: (1) whether Plaintiff is currently assigned to the EM Program by ODOC; and (2) if not, on what date and in what manner did ODOC remove Plaintiff from the EM Program and reassign Plaintiff to imprisonment in a correctional facility." Order of Oct. 14, 2026 (Doc. No. 15) at 2.

Defendant's Supplemental Brief, filed October 16, 2026, states that Plaintiff "has not been assigned to the [EM] Program since the evening of October 1, 2026." Def.'s Suppl. Br. (Doc. No. 16) at 1. Defendant's briefing is supported by the Declaration of Deborah Romine, ODOC Administrator of Community Services, and attached exhibits. *See id.* Ex. 1, Romine Decl. (Doc. No. 16-1).

Relevant portions of Administrator Romine's sworn statement are summarized below, organized by date:

<u>October 1, 2026</u>:

- On October 1, 2026, at approximately 5:15 p.m., Probation and Parole Officers went to Plaintiff's residence in Norman, Oklahoma, took Plaintiff into physical custody, and transported her to MBCC. Romine Decl. ¶ 7. ODOC's records reflect Plaintiff's movement as "Returned from Community Supervised Inmate (GPS)" at 7:28 p.m. and received at MBCC at 8:20 p.m. *Id.*; *see id.* Ex. A (Doc. No. 16-1, at p. 11).

- Plaintiff was taken into physical custody "for a violation of the EM Program's rules—specifically, Rule 2, based on [a] pending criminal investigation"—and was transported to MBCC pending ODOC's review of the alleged rule violation. Romine Decl. ¶¶ 7-8.[1]

<u>October 2, 2026</u>:

- On October 2, 2026, a Probation and Parole officer prepared an Offense Report pursuant to ODOC Policy OP-060125, charging Plaintiff with an X-22 misconduct (Law Violation), #GPS-REG2-2026-10-00001, due to Plaintiff being "under investigation by the Oklahoma State Bureau of Investigation." *Id.* Ex. C (Doc. No. 16-1, at p. 15); Romine Decl. ¶ 9. This misconduct charge remains pending and is set for hearing on October 23, 2026. Romine Decl. ¶ 17.[2]

- The officer also prepared a Notice of Rule and Condition Violation pursuant to ODOC Policy OP-161001, charging Plaintiff with "a violation of GPS Rule 2 based on" the "X-22 Law Violation." *Id.* ¶ 10; *see id.* Ex. D (Doc. No. 16-1, at p. 17); Compl. Ex. 4 (Doc. No. 1-4).

- Both of these documents were delivered to Plaintiff, who signed for them and noted that she desired a hearing regarding the Notice of Rule and Condition

[1] Rule 2 of ODOC's Rules and Conditions for GPS Surveillance Program requires that the inmate "obey all city, state and federal laws." Doc. No. 9-1, at 12.

[2] The outcome of this misconduct charge "may affect Plaintiff's earned-credit level and earned credits" but not her participation in the EM Program. Romine Decl. ¶ 17; Pl.'s Suppl. Br. (Doc. No. 17) at 6 n.1.

Violation. Romine Decl. ¶¶ 9-10. A hearing was initially scheduled for October 8, 2026, and then later continued to October 12, 2026. *Id.* ¶ 10.

- Also on October 2, 2026, the State of Oklahoma filed an Information in the District Court of Cleveland County, Case No. CF-2026-1008, charging Plaintiff with two felony counts of voting while ineligible to do so in violation of title 26, section 16-102 of the Oklahoma Statutes. *Id.* ¶ 11. The state-court judge issued a felony warrant for Plaintiff's arrest, which ODOC received on October 5, 2026. *Id.*; *see id.* Ex. E (Doc. No. 16-1, at p. 19).

<u>October 5, 2026</u>:

- On October 5, 2026, the Cleveland County Sheriff's Office transmitted to MBCC a written request for ODOC to place a hold on Plaintiff in Case No. CF-2026-1008. Romine Decl. ¶ 12. ODOC "received that detainer the same day and lodged it in Plaintiff's file." *Id.*; *see id.* Ex. F (Doc. No. 16-1, at pp. 21-23).

<u>October 9, 2026</u>:

- On October 9, 2026, it was determined that, due to the outstanding felony warrant and detainer, "Plaintiff was no longer eligible for the EM Program under § 510.9(B)(7) and that her removal from the program was therefore required under § 510.9 and [ODOC] policy." Romine Decl. ¶ 16.[3]

- Administrator Romine served Plaintiff written notice of Plaintiff's removal from the EM Program. *Id.* Specifically, the written notice stated:

  > Irrespective of whether a rule or condition violation is deemed to have occurred, pursuant to 57 O.S. § 510.9(B)(7), you are not statutorily eligible for the Electronic Monitoring Program due to an outstanding felony warrant or detainer in Cleveland County District Court, Case No. CF-2026-1008. Removal from the Electronic Monitoring Program is therefore required by the applicable statute.

  *Id.* Ex. G (Doc. No. 16-1, at p. 25). "[T]he statute referred to" in this written notice was section 510.9, "not Senate Bill 137." Romine Decl. ¶ 16.

- Because the determination that Plaintiff had an outstanding felony warrant or detainer from another jurisdiction "rests on an objective eligibility criterion that does not depend on whether Plaintiff in fact violated" Rule 2 of the EM Program,

[3] Section 510.9(B)(7) provides that "[i]nmates who have outstanding felony warrants or detainers from another jurisdiction" "shall not be eligible for assignment to the [EM] [P]rogram." Okla. Stat. tit. 57, § 510.9(B)(7).

ODOC dismissed the October 2, 2026 Notice of Rule and Condition Violation and the October 12, 2026 hearing on that notice. *Id.*

Present Status:

- Plaintiff has been housed continuously at MBCC since October 1, 2026. *Id.* ¶ 18.
- Plaintiff "is not currently assigned to the EM Program." *Id.*
- Plaintiff may contest her removal from the program through ODOC's inmate grievance process, OP-090124. *Id.* ¶ 20.

In her responsive Supplemental Brief filed on October 19, 2026, Plaintiff does not contest the limited facts (as opposed to conclusions) set forth above. Plaintiff argues that her removal from the EM Program was subject to "numerous infirmities" and has thus far denied her the due process required. Pl.'s Suppl. Br. at 1-3, 5. Plaintiff also asserts that ODOC misapplied the EM Program Statute in removing Plaintiff and that she has initiated the ODOC inmate grievance process to challenge that removal. *See id.* at 3-6. Again, neither party's Supplemental Brief requested oral argument or an evidentiary hearing.

## *II. Discussion*

As explained by the Tenth Circuit,

> Ordinarily, a movant seeking a preliminary injunction must establish (1) a substantial likelihood of success on the merits; (2) irreparable injury to the movant if the injunction is denied; (3) the threatened injury to the movant outweighs the injury to the party opposing the preliminary injunction; and (4) the injunction would not be adverse to the public interest.

*Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir. 2001); *see also* Fed. R. Civ. P. 65(a). A showing on "[e]ach of these elements is a prerequisite for obtaining" injunctive relief. *Diné Citizens Against Ruining Our Env't v.*

*Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016).

An application for injunctive relief is addressed to the equitable discretion of the court. *Ute Indian Tribe of the Uintah & Ouray Rsrv. v. Lawrence*, 22 F.4th 892, 899 (10th Cir. 2022). "Because a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal." *Dominion Video Satellite*, 269 F.3d at 1154.[4]

The Court "must define the last peaceable uncontested status in order to determine whether to issue the preliminary injunction based on the facts of the case before it." 11A *Federal Practice and Procedure (Wright & Miller)* § 2947 (3d ed.). Here, as noted, Plaintiff's Motion seeks entry of a preliminary injunction to prohibit ODOC from removing her from the EM Program on or after November 1, 2026, when SB137 will take effect and modify the eligibility criteria for the Program. *See* Pl.'s Mot. at 8-32.

As is evident from the parties' briefing and the undisputed record summarized above, however, the factual landscape of this case has changed since Plaintiff's Motion was filed. There is no material dispute that ODOC removed Plaintiff from the EM Program on October 9, 2026, for a reason unrelated to the enactment of SB137. Plaintiff has not been reassigned to the EM Program since that date, and there is no current indication as to when, if at all, this independent ground for being ineligible for the program would expire.

It follows that, at a minimum, Plaintiff has not shown that she will suffer "irreparable injury" if the Court does not enjoin enforcement of SB137 while this case is

[4] The parties dispute whether Plaintiff is seeking relief that is "disfavored" and therefore must satisfy a "heightened standard." *Fish v. Kobach*, 840 F.3d 710, 723 (10th Cir. 2016). The Court need not decide this issue because Plaintiff fails to make an adequate showing under either standard.

pending. *Dominion Video Satellite*, 269 F.3d at 1154. Plaintiff initially cited a "return[] to prison in violation of her constitutional rights" as the irreparable injury necessitating an injunction. Pl.'s Mot. at 30. But Plaintiff in the interim has been returned to prison for reasons distinct from SB137 or any unconstitutional enactment or application of that law. Stated differently, granting the requested injunction will not protect Plaintiff from the reincarceration the Motion seeks to avoid. *Cf.* 11A *Federal Practice and Procedure (Wright & Miller)*, *supra*, § 2948.1 ("Only when the threatened harm would impair the court's ability to grant an effective remedy is there really a need for preliminary relief.").

In recognition of the change in circumstances, Plaintiff now argues that when SB137 takes effect, Defendant will have new, additional bases to remove Plaintiff from the EM Program. Therefore, according to Plaintiff, "whether SB137 would provide an independent basis to remove Plaintiff from the Program remains a live issue." Pl.'s Suppl. Br. at 1, 6. To be entitled to the extraordinary remedy of preliminary injunctive relief, however, "there must be a *likelihood* that irreparable harm will occur" "before trial." 11A *Federal Practice and Procedure (Wright & Miller)*, *supra*, § 2948.1 (emphasis added). "Speculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant. Thus, a preliminary injunction will not be issued simply to prevent the possibility of some remote future injury. A presently existing actual threat must be shown." *Id.* (footnotes omitted). Plaintiff is not currently participating in the EM Program. The fact that SB137's modification of the EM Program Statute will provide an alternative reason to deem her ineligible for the program is insufficient to show a "significant risk" of "certain and great" harm and does not warrant issuance of a preliminary injunction. *Colorado v. U.S. Env't*

*Prot. Agency*, 989 F.3d 874, 884 (10th Cir. 2021) (internal quotation marks omitted) ("The injury must also be of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm." (internal quotation marks omitted)).

Because Plaintiff cannot satisfy her burden to show irreparable injury, the Court need not address the other elements necessary for a preliminary injunction to issue. *See Nova Health Sys. v. Edmondson*, 460 F.3d 1295, 1299 (10th Cir. 2006).

CONCLUSION

For these reasons, Plaintiff's Motion for Preliminary Injunction (Doc. No. 5) is DENIED.

IT IS SO ORDERED this 23rd day of October, 2026.

Charles B. Goodwin

CHARLES B. GOODWIN
United States District Judge